UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIM P. MORICI/A.K.A. KIM P.
ROBINSON,

                    Plaintiff,

                                              05-CV-6292
              v.
                                              **DECISION AND**
MICHAEL J. ASTRUE                             **ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

## <u>INTRODUCTION</u>

Plaintiff Kim P. Morici ("Plaintiff and/or "Morici") brings this action pursuant to the Social Security Act (codified in relevant parts at 42 U.S.C. §§ 405(g) and 1383(c)(3)), claiming that the Commissioner of Social Security improperly denied her application for disability benefits and Supplemental Security Income ("SSI"). Specifically, Morici alleges that the decision of an Administrative Law Judge ("ALJ") was erroneous and not supported by either the substantial evidence in the record or the applicable law. Plaintiff requests that the Court reverse the judgment of the Commissioner and find her entitled to SSI and disability insurance payments.

The Defendant moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. The

Plaintiff has moved for summary judgment on her behalf. For the reasons discussed below, the Commissioner's motion for judgment on the pleadings is granted and the Plaintiff's motion for summary judgment is denied.

## BACKGROUND

On May 10, 2002, Plaintiff Kim P. Morici applied for Social Security Disability and SSI benefits, claiming that she became disabled on September 1, 2001 (Tr. 53). Her application was denied on October 11, 2002 (Tr. 39). She timely filed a request for an administrative hearing, which was held before ALJ Judith Showalter, and in a decision dated January 24, 2005, the ALJ determined that the Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 17-30). Plaintiff then filed for review of the ALJ's decision by the Social Security Appeals Council (Tr. 9-10). That request was denied by the Council on April 16, 2005 (Tr. 5-8). Plaintiff subsequently filed this action.

## DISCUSSION

### I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by

substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the Plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." See Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex 1983) (citation omitted). The Commissioner asserts that his decision is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the evidence of the pleadings. See Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the

pleadings may be appropriate. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

    II.  <u>The findings of the ALJ were supported by substantial evidence and proper as a matter of law</u>.

Plaintiff argues that the decision of the ALJ was not supported by substantial evidence. Specifically, Plaintiff claims that the ALJ improperly failed to give an opinion of a treating physician controlling weight and that the ALJ improperly failed to consider certain conditions of the Plaintiff's Residual Functional Capacity ("RFC") when examining the Vocational Expert ("VE"). I find that the ALJ gave proper weight to the evidence in the record and that her decision was supported by substantial evidence.

    A.  <u>The ALJ was not required to give controlling weight to a medical source's opinion that the Plaintiff met listing 12.02(c)</u>.

In order to be granted controlling weight, opinions from treating sources must "reflect judgments about the nature and severity of [claimant's] impairment(s)." <u>See</u> 20 C.F.R. §§ 404.1527(a)(2). Opinions from a medical source that a person meets the requirements of any impairment in the Listed Impairments in Appendix 1 of Subpart P of Part 404 of the Regulations "are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a

case." <u>See</u> 20 C.F.R. § 404.1527(e). Statements by a treating physician that a claimant meets a Listed Impairment will be considered, however, "the final responsibility for deciding these issues is reserved to the Commissioner." <u>See</u> 20 C.F.R. § 404.1527(e)(2). Furthermore, "[t]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." <u>See</u> SSR 96-5p. <u>See</u> <u>Montalvo v. Barnhart</u>, 457 F.Supp.2d 150 (W.D.N.Y. 2006); <u>see</u> <u>also</u> <u>Snell v. Apfel</u>, 177 F.3d 128 (2d. Cir. 1999).

The law firmly establishes that the statement provided by Dr. Gill that the Plaintiff meets the requirements of Listing 12.02(c) are not entitled to controlling weight. The ALJ did not afford the evidence significant weight, finding that it conflicted with the substantial evidence in the record. <u>See</u> SSR 96-2p; 20 C.F.R. § 404.1527.

The document that the Plaintiff argues demonstrates she meets listing 12.02(c) consists of a printout of that listing with instructions added at the bottom, "Please check as appropriate for Kim P. Morici all that she meets or functionally equals." (Tr. 233) Dr. Gill had circled three of the items in the listing and signed at the bottom. <u>Id.</u>

This report is perfunctory in that Dr. Gill does not give any supporting documentation to confirm these findings, and the exhibit

does not provide the necessary definitions for terms such as "moderate" and "marked". Id. Dr. Gill merely circled items in the listing based upon her examination of Plaintiff three months earlier without providing any supporting information.  The ALJ appropriately assigned less than substantial weight to this evidence.

The record reveals that ALJ performed a thorough evaluation of the Plaintiff's impairments, specifically in relation to listings 12.02 and 12.04 (Tr. 22-24). After extensive review of the evidence, the ALJ made the finding that the Plaintiff's condition does not meet either of these listings (Tr. 29). This decision is supported by substantial evidence in the record and is, therefore, not subject to reversal by the court. See Curry v. Apfel, 209 F.3d 117 (2d. Cir. 2000).

    B.   <u>The finding of the ALJ that Plaintiff could perform other work was supported by substantial evidence</u>.

The Social Security Act provides that the Commissioner bears the burden of proof during the final step in a disability determination whether jobs exist in the economy, which the claimant can perform within her Residual Functional Capacity ("RFC"). See 20 C.F.R. § 404.1520(a)(4)(v). For cases in which the claimant has only exertional limitations, this is done by use of the Medical-Vocational Guidelines ("grids") found in 20 C.F.R. Pt. 404,

Subpt. P, App. 2. However, in cases where the claimant has a combination of exertional and nonexertional limitations, "the guidelines cannot provide the exclusive framework for making a disability determination." <u>See</u> <u>Bapp v. Bowen</u>, 802 F.2d 601 (2d. Cir. 1986). In these instances, "application of the grid guidelines and the necessity for expert testimony must be determined on a case-by-case basis." <u>See</u> <u>id.</u> at 605.

In this case, the ALJ complied with the Regulations by obtaining the testimony of a Vocational Expert ("VE") in addition to the applicable grids.  The ALJ posed a thorough hypothetical question to the VE, outlining all of the Plaintiff's functional limitations that were supported by substantial evidence and extended the Plaintiff significant benefit of the doubt as to the severity of her conditions (Tr. 414-15).  Despite having limited evidence as to the Plaintiff's exertional limitations, the ALJ granted Plaintiff a status of being only capable of light work. The ALJ was assured by the VE that jobs existed in the economy that a person capable of only light work and matching the Plaintiff's nonexertional limitations could perform (Tr. 415, 416).

Plaintiff asserts that the opinions and testimony of the VE were not properly considered by the ALJ. In support of this argument, Plaintiff relies on a question posed by her representative to the VE as to whether a person who needed to take

three sick days per month could still perform the jobs mentioned by the VE as within the Plaintiff's RFC (Tr. 417). While the VE opined that such limitation would put the Plaintiff below "competitive work" and therefore unable to perform any jobs in the economy, that finding is not controlling. Id. The record contains no substantial evidence that the Plaintiff has such a limitation. The only indication that the Plaintiff's medical conditions might cause her to take three sick days per month comes from the testimony of the Plaintiff's sister, Sharon Harrison (Tr. 409-10). As Ms. Harrison is not a medical professional (the record indicates she is a paralegal), her testimony regarding the medical condition of her sister is not entitled to significant or controlling weight. See SSR 96-6p.

The ALJ properly found, based upon the sworn testimony of an independent VE, that there were jobs in the national and regional economy which the Plaintiff could perform given her RFC. Upon making such a finding, the Regulations require that the ALJ find the Plaintiff "not disabled." See 20 C.F.R. §§ 404.1520, 416.920.

## CONCLUSION

The ALJ's findings are supported by substantial evidence in the record and are proper as a matter of law and therefore, the ALJ decision is affirmed. Accordingly, the Commissioner's motion for

judgment on the pleadings is granted. The Plaintiff's motion for summary judgment is denied.

   **ALL OF THE ABOVE IS SO ORDERED.**


                                   s/Michael A. Telesca
                                  MICHAEL A. TELESCA
                                  United States District Judge


    Dated:      March 10, 2008
                Rochester, New York